First Finance Company, an Illinois Corporation, Plaintiff-Appellant, v. George S. Akathiotis, d/b/a Merchants Restaurant, Defendant-Appellee.

Gen. No. 52,563.

First District, Second Division.

May 27, 1969.

Baime and Baime, of Chicago (Joseph L. Baime and Stephen G. Baime, of counsel), for appellant.

No brief filed for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment entered by the trial court, sitting without a jury, in favor of defendant, George S. Akathiotis, d.b.a. Merchants Restaurant, and against First Finance Company, plaintiff, such judgment being entered at the close of plaintiff's case. In this appeal plaintiff contends that the trial court erred in entering the judgment for defendant and prays that the cause be reversed and remanded to the trial court with directions that it hear the evidence of defendant.

On October 1, 1964, George S. Akathiotis, d.b.a. Merchants Restaurant, and the Pascal Equipment Company entered into an agreement which provided that the latter would supply all the necessary labor, materials, equipment, and fixtures for the conversion of a store front into a restaurant according to specifications. The restaurant known as Merchants Restaurant is located at 16 North State Street in the City of Chicago. The agreed price was $135,400; $10,000 to be paid at the time of execution of the memorandum of agreement, $10,000 on October 15, 1964, $10,000 on November 1, 1964, and $12,000, the additional amount necessary to constitute a one-third down payment, on November 15, 1964. The balance of $93,400 was to be financed.

The agreement anticipated that the financing of the balance could be accomplished by giving chattel mortgages to Pascal on the fixtures of, and assignments of the leases to, two other restaurant premises. The memorandum of agreement stated that neither Pascal nor its financiers would record any lien against the fixtures and equipment to be installed, until November 25, 1964, and further provided that in the event that the chattel mortgages and leases referred to above were executed in favor of and accepted by Pascal on or before that date no filings or recordings would ever be made against the fixtures and equipment then or to be located in the premises to be known as Merchants Restaurant. Ulti-

mately the financing of the balance of the contract price was accomplished by the giving of chattel mortgages on the fixtures of the two other restaurants to a separate financing institution which is not involved in this case.

On November 24, 1964, Pascal executed a security agreement in favor of First Finance Company, plaintiff-appellant, covering certain restaurant fixtures and equipment and fixing 16 North State Street, the site of Merchants Restaurant, as a proper place for the keeping of such collateral. On November 25, 1964, a financing statement was filed pursuant to the Uniform Commercial Code (Ill Rev Stats, c 26, § 9–302(1)) for perfection of the security interest just described. In addition, Pascal assigned to First Finance its interest in the agreement with Akathiotis, part of which was a conditional sales agreement for the fixtures and equipment to be installed in Merchants Restaurant. Both the security interest created by the security agreement of October 24, 1964, and the assignment of the Akathiotis contract on November 23, 1964, were assigned as collateral for two loans made by First Finance to Pascal.

The work was ultimately completed to the satisfaction of Akathiotis and the contract price was paid in full to Pascal. Pascal, however, became insolvent before its debt to First Finance was satisfied and thereafter a demand was made of Akathiotis by First Finance for the fixtures and equipment described in the security agreement. The demand was not honored and an action in detinue was filed for the goods or their value.

The plaintiff has not sought to enforce its rights as assignee of the agreement between Pascal and Akathiotis: (1) there is nothing in the record to show that Akathiotis was notified of the assignment or that demand was made of him to make payments under the contract as they became due to First Finance as assignee; (2) First Finance admits in its reply brief and in oral argument in

this court that it did not attempt to enforce its rights as assignee of the agreement, "With respect to the assignment of the Akathiotis-Pascal contract of October 1, 1964, plaintiff did not elect to exercise its rights under that item of collateral." Plaintiff cannot now attempt to enforce those rights against the defendant. Defendant paid the full contract price to his seller as he was authorized to do under section 9–318 of the Code, absent notice by the assignee of the assignment and demand that payments be made to the assignee.

There remains to be considered, then, only the effectiveness of the security interest purported to be given to plaintiff by Pascal as against the latter's purchaser, defendant-appellee. Section 9–306(2) of the Uniform Commercial Code (Ill Rev Stats, c 26, § 9–306(2)) provides:

> "Except where this Article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor *unless his action was authorized by the secure party in the security agreement or otherwise,* and also continues in any identifiable proceeds including collections received by the debtor." (Emphasis supplied.)

The exceptions noted in this section are contained in sections 9–307, 9–308, and 9–309 of the Code. Sections 9–308 and 9–309 are inapplicable since they concern sales of collateral other than goods such as are involved here and section 9–307 is likewise inapplicable since it governs sales of goods made in violation of the security interest. The sale to Akathiotis was not in violation of the security interest taken by First Finance since the contract of sale existed prior to the security interest and at the time the security agreement was executed First Finance had knowledge of and acquiesced in the sale. This fact is evidenced by the plaintiff having taken an assignment

of the contract of sale on the day prior to execution of the security agreement and by the financing statement filed by plaintiff with the Secretary of State in which specific reference to the contract of sale is made:

"All present and hereafter acquired restaurant fixtures and equipment located in the premises at 16 N. State St., Chicago, Illinois, being contained in a certain Memorandum of Agreement dated October 1, 1964 wherein GEORGE AKATHIOTIS is referred to as the 'Owner' and PASCAL EQUIPMENT CO., INC. is referred to as 'Pascal,' said location of 16 N. State St., Chicago, Illinois, being operated and known as 'Merchants Restaurant.' "

This acquiescence in the sale by Pascal to Akathiotis also constitutes an authorization of sale which, under section 9–306(2) of the Code as previously quoted, allowed defendant to take free of the security interest created by his seller in favor of First Finance.

Finally, plaintiff-appellant argues that the provision in the agreement between Pascal and Akathiotis which limited the right of the former, or its financiers, to file or record liens against the fixtures and equipment to be installed before a certain date necessarily had a corollary meaning that on or after that date Pascal or its financier had a right to file or record a security interest or lien against the chattels installed in the premises, and that such lien would be effective as to Akathiotis. We find this contention to be without merit. The provision constituted a limitation upon the rights which Pascal or its financier might have had, could not and was not intended to confer new rights, and does not provide an adequate substitute for "value" which would be necessary as an independent basis for a separate security interest to attach to the goods and be effective against defendant-appellee (Ill Rev Stats, c 26, § 9–204(1)).

We hold that the trial court did not err in entering judgment for defendant at the close of plaintiff's evidence and therefore the judgment of the trial court is affirmed.

Judgment affirmed.

BURKE and McCORMICK, JJ., concur.