UNITED STATES of America,
Plaintiff,

v.

CENTRAL LIVESTOCK ASSOCIATION,
INC., Defendant.

Civ. No. 4526.

United States District Court,
D. North Dakota,
Southeastern Division.

Nov. 20, 1972.

Gary Annear, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Timothy Q. Davies, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N. D., for defendant.

## MEMORANDUM OF DECISION

BENSON, Chief Judge.

Jurisdiction in this case is premised on 28 U.S.C. § 1345. The United States has sued the defendant, Central Livestock Association, Inc., for proceeds arising out of the sale to the defendant of certain livestock which the plaintiff alleges was subject to the lien of a security agreement which it held, covered by a duly recorded financing statement. A jury was waived.

The Court finds the facts to be as follows:

### I.

As security for a loan extended to them by the United States of America, acting through the Farmers Home Administration, Barrett L. Kroeplin and Mary J. Kroeplin, on the 22nd day of July, 1966, executed and delivered a security agreement and financing statement covering cattle and other chattel property described therein. The security agreement contained a provision prohibiting sale of the chattel without the prior written consent of the secured party. The financing statement was filed as provided by law, and contained the following provision:

> "Disposition of such collateral is *not* hereby authorized".

### II.

When the loan was being processed, the county supervisor of Farmers Home Administration advised Mr. and Mrs. Kroeplin they could sell security property, but that it would be necessary to have the check made out to them and the Farmers Home Administration as joint payees, and be brought in for proper disbursement. They were also advised in writing that, "when selling mortgaged property Farmers Home Administration must appear on the check".

### III.

The Kroeplins made numerous sales of security property without prior specific approval, and accounted for the proceeds to the Farmers Home Administration. This was customary procedure. The Farmers Home Administration was not always named as a payee on the check representing the proceeds of a sale. There is no evidence that the purchasers of security property were ever informed of the requirement that the Farmers Home Administration be made a payee.

### IV.

On the 4th day of October, 1966, one such sale was made to the defendant, Central Livestock Association, Inc. The Farmers Home Administration was not named as payee on the check, nor did the Kroeplins account to Farmers Home Administration for the proceeds, which amounted to $2,147.65, the sum sued for in this case.

From the foregoing facts, the Court concludes that the October 4, 1966, sale to the defendant was an authorized sale and the plaintiff's security interest was released. The plaintiff was relying on the integrity of its mortgagee to account for the proceeds.

 State law is applicable to this case. See United States v. Kramel, 234 F.2d 577 (8th Circuit 1956). The controlling statute is North Dakota Century Code § 41–09–27, subd. 2, U.C.C. § 9–306(2), which provides:

"Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor".

In the interpretation of the foregoing statute, this Court adopts the rationale of Clovis National Bank v. Thomas, 77 N.M. 554, 425 P.2d 726 (1967), that under the Uniform Commercial Code, a lender which permits its debtor to sell collateral from time to time as the debtor chooses, and relies upon the debtor to bring in the proceeds from the sale, declining to exercise its right to require the debtor to obtain written authority, acquiesces in and consents to the sale and loses its security interest pursuant to the "or otherwise" provision of § 9–306 (2) U.C.C., thus precluding any recovery on a conversion theory against the purchaser. See also First Finance Co. v. Akathiotis, 110 Ill.App.2d 377, 249 N.E. 2d 663 (1969) ; Credit Plan, Inc. v. Hall, 9 U.C.C.Rep. 514 (1971) ; Bank of Bethany v. Waco-Pacific, Inc., 9 U.C.C.Rep. 1064 (1971).

The plaintiff relies on United States v. E. W. Savage & Son, Inc., 343 F.Supp. 123 (D.C.1972), which also concerned the sale of chattel subject to a Farmers Home Administration lien. However, in that case the Court found no written or oral authorization to sell.

The defendant is entitled to judgment of dismissal, with costs.