*In re* ESTATE OF PAUL H. YEALICK, Deceased.—(THE FARMERS' STATE BANK OF PALESTINE, Petitioner-Appellee, *v.* LOIS YEALICK, Respondent-Appellant.)

Fourth District    No. 15068

Opinion filed March 20, 1979.

Robert L. Douglas, of Robinson, for appellant.

James V. Hill, of Cox, Phillips & Weber, P. C., of Robinson, for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

This appeal arises from an order of the trial court directing the administratrix of the estate of Paul H. Yealick to pay $27,525 (in addition to certain other relief) to the petitioner-bank as a secured creditor of the decedent. The respondent-administratrix contends on appeal that the petitioner's claim should have been subordinated to various other claims against the estate.

The petitioner, Farmers' State Bank of Palestine, filed a claim against the Yealick estate for amounts due on certain promissory notes executed by the decedent. The petitioner claimed that on September 17, 1977, a public auction was held at which the personal property of the decedent was sold, including items which were allegedly subject to security agreements between the petitioner and the decedent. The respondent-administratrix, the decedent's wife, placed the proceeds of the sale in the care of the petitioner for temporary holding, but the respondent refused to endorse the checks. The proceeds were, thereafter, turned over to the respondent, but no payment was made for the secured property.

The respondent filed a motion to dismiss and a motion for judgment on pleadings contending, in effect, that petitioner was not entitled to any priority as a claimant against the assets of the estate since it had failed to perfect its security interests. The trial court ordered the parties to submit written briefs and took the matter under advisement.

On June 23, 1978, the court entered a written order finding generally for the petitioner. The court found that the petitioner was a secured creditor as to some but not all of the items of personal property which formed the basis of its claim. The court ordered the respondent to pay to the petitioner $27,525 as the identifiable proceeds from the sale of items covered by valid security agreements. The petitioner was also granted possession of a pickup truck which had been sold at the estate auction but subsequently returned to the respondent by the purchaser. Petitioner was allowed status as a seventh class claimant against the estate as to its remaining unsecured claims.

Respondent essentially contends that a creditor who fails to perfect a security interest pursuant to the provisions of the Uniform Commercial Code—Secured Transactions (Ill. Rev. Stat. 1975, ch. 26, par. 9—101

*et seq.*) (hereinafter cited as U.C.C.) has no priority to the assets of a decedent's estate. In other words, it is the respondent's position that, as against the personal representative of a decedent's estate, a creditor holding an *unperfected* security interest merely occupies the status of an unsecured creditor, whose claim in the present case would be subordinated to the costs of administration, attorney's fees, and the surviving spouse and child awards. See Ill. Rev. Stat., 1976 Supp., ch. 110½, par. 18—10.

■■ Pursuant to section 9—201 of the U.C.C., a security agreement is effective according to its terms *between the parties.* (Ill. Rev. Stat. 1975, ch. 26, par. 9—201.) Lack of perfection under the U.C.C. relates only to priority over other creditors' interests in the collateral. "The security agreement between the parties themselves and *the secured party's rights* * * * *as against the debtor are unaffected by failure to perfect the security interest."* (Emphasis added.) (*In re Application of County Treasurer* (1973), 16 Ill. App. 3d 385, 392, 306 N.E.2d 743, 749.) The respondent has not challenged the trial court's finding that valid, although unperfected, security agreements were entered into by the petitioner and the decedent.

■■ Respondent contends, nevertheless, that an administrator of an estate occupies a status similar to a trustee in bankruptcy and, therefore, the question of whether the creditor's security interest was perfected would be critical to the petitioner's rights. The personal representative of a decedent, however, stands in no better position than the decedent as to one holding a lien on the decedent's property. (See *In re Mossler Co.* (7th Cir. 1917), 239 F. 262; *Waughop v. Bartlett* (1896), 165 Ill. 124, 46 N.E. 197.) Thus, secured collateral, which is in the possession of the administrator, is not and does not become a part of the assets of the estate until the creditor's lien upon it is discharged. *Furness v. Union National Bank* (1893), 147 Ill. 570, 35 N.E. 624; *Baxter v. Continental Illinois National Bank & Trust Co.* (1940), 304 Ill. App. 117, 26 N.E.2d 179.

■■ Finally, we agree with the conclusion of the trial court that, despite the sale of the collateral at the estate auction, the petitioner's security interest continued in the proceeds from the sale. Section 9—203(3) of the U.C.C. provides:

> "Unless otherwise agreed a security agreement gives the secured party the right to proceeds provided by Section 9—306." (Ill. Rev. Stat. 1975, ch. 26, par. 9—203(3).)

Section 9—306(2) states that:

> "[A] security interest * * * also continues in any identifiable proceeds including collections received by the debtor." Ill. Rev. Stat. 1975, ch. 26, par. 9—306(2).

■■ The court found that certain of the proceeds from the subject

property were identifiable. That factual finding has not been challenged by the respondent. Since, pursuant to section 9—306(2), the petitioner's security interest continued in the proceeds from the sale of the secured chattels, the decision of the trial court ordering payment of those sums was proper. The respondent places some importance on the petitioner's knowledge of the estate auction involving the sale of the collateral and its corresponding failure to object thereto. Although the authorization of a sale of secured property by a creditor may allow the *purchaser* to take free of the security interest in the property (*First Finance Co. v. Akathiotis* (1969), 110 Ill. App. 2d 377, 249 N.E.2d 663), it would not affect the creditor's rights to the proceeds thereof as against the debtor. (See Ill. Rev. Stat. 1975, ch. 26, par. 9—306(2).) Thus, any acquiescence by the petitioner to the sale has no relevance to the parties' rights and obligations.

For the reasons stated above, we conclude that the judgment of the trial court should be affirmed.

In accordance with our decision, the motion of the respondent to stay enforcement of the order of the trial court, which was taken with this appeal, is denied.

Affirmed.

TRAPP and WEBBER, JJ., concur.