In re FRED MADORE CHEVROLET–PONTIAC–OLDSMOBILE, INC.,
Debtor.

BANK OF NEW HAMPSHIRE, Plaintiff,

v.

Jeffrey SCHREIBER, Trustee, Fred Madore Chevrolet–Pontiac–Oldsmobile, Inc., Shaker Valley Auto & Tire, Inc., Mascoma Savings Bank and Winston P. Titus, Defendants.

Bankruptcy No. 97–11201–MWV, Adversary No. 97–01118–MWV.

United States Bankruptcy Court, D. New Hampshire.

April 8, 1998.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

J. Michael Deasy, Deasy & Dwyer, PA, Nashua, NH, for defendant Shaker Valley Tire & Auto, Inc.

Randall L. Pratt, Schreiber and Associates, Danvers, MA, for Jeffrey Schreiber.

Paul C. Semple, McSwiney, Semple, Bowers & Wise, P.C. Concord, NH, for Bank of New Hampshire.

Robert Titus, Norwich, VT, for Winston Titus.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it a complaint filed by the Bank of New Hampshire pursuant to Bankruptcy Code sections 541(a) and (d) to determine the above-captioned parties' property interests in a certain Chevrolet C1500 pick-up truck ("Truck"). Trial was held on March 30, 1998 at which counsel for Shaker Valley Auto & Tire, Inc. ("Shaker") represented the interests of both Shaker and Mascoma Savings Bank ("Mascoma"). The issues at trial were 1) whether Mascoma has a valid, perfected security interest in the Truck, and, assuming that Mascoma does have a valid lien, 2) whether Mascoma may still claim a security interest in the Truck after Fred Madore Chevrolet–Pontiac–Oldsmobile, Inc. ("Madore") sold the Truck to Titus.

On March 24, 1998, this Court granted Winston Titus' ("Titus") partial summary judgment motion under Rule 56(c) of the Federal Rules of Civil Procedure, ruling that Titus owns title to the vehicle which he purchased from Madore. Since there is no dispute that the Bank of New Hampshire ("BNH") has a valid lien on the vehicle, counsel for BNH is currently holding its title pending this Court's ruling on this current matter. For the reasons stated below, this Court finds that, pursuant to section 9–306(2) of the New Hampshire Revised Statutes Annotated, Mascoma's security interest does not attach to the Truck.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core pro-

ceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

For the purposes of this memorandum opinion, the Court will not restate the facts of this case which were outlined in this Court's previous opinion on Titus' partial summary judgment motion, *Bank of N.H. v. Jeffrey Schreiber, et al.,* 219 B.R. 938 (Bankr.D.N.H. 1998) (order granting partial summary judgment). However, the Court will note that Shaker authorized Madore to sell the Truck. The President of Shaker, Robert A. LaCroix, testified at trial on March 30, 1998, that on March 27, 1997, an employee named Garth called Mr. LaCroix asking for a "number." This "number" referred to the amount that Mr. LaCroix would accept for Madore's purchase of the Truck. Mr. LaCroix answered Garth that he would accept $9,800 for the Truck in its current condition;[1] he also stated he would accept $9,950 if the windshield were fixed.

Section 9–306(2) of the New Hampshire Revised Statutes Annotated states:

> Except where this Article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.

N.H.REV.STAT.ANN. § 382–A:9–306(2) (1994 & Supp.1997). This Court has already ruled that Shaker voluntarily transferred the Chevrolet C1500 truck to the Debtor, Madore. *See Bank of N.H.,* 219 B.R. at 941, 943. Thus, pursuant to section 9–306(2), Mascoma's security interest does not attach to the Truck because Mascoma, in its "Motor Vehicles Dealer Floor Plan Loan and Security Agreement," authorized Shaker to "sell inventory in the ordinary course of its busi-

ness." Def.'s Exh. 305, ¶ 6.3, p. 7; *see First Fin. Co. v. Akathiotis,* 110 Ill.App.2d 377, 249 N.E.2d 663, 665 (1969) (The "acquiescence in the sale ... constitute[d] an authorization of sale which, under section 9–306(2) of the Code ... allowed defendant to take free of the security interest by his seller in favor of First Finance [the secured lender]."). This authority to sell was supported by the testimony of Mr. Johnson, Vice President of Mascoma in charge of commercial loans. Thus, when Shaker sold the Truck to Madore, Madore took the Truck free of Mascoma's security interest in it. Since Madore took the Truck free of Mascoma's security interest, the question of whether Madore is a buyer in the ordinary course under N.H. RSA section 9–307 is irrelevant. However, Mascoma's security interest may attach to the proceeds of the sale. *See* N.H.REV.STAT.ANN. § 382–A:9–306(4) (1994 & Supp.1997).

Therefore, for the aforementioned reasons, this Court finds that Mascoma's security interest does not attached to the Truck. Currently, BNH is holding title to the Truck pending the Court's decision on this matter. BNH is hereby ordered to turn over the Truck's title to Titus, following the necessary amendments to the Truck's title certificate comporting to the Court's ruling today.

This opinion constitutes the Court's findings of facts and conclusions of law in accordance with Federal Rule of Procedure 7052. The Court will issue a final judgment consistent with this opinion.

---

1. Shaker originally dropped the vehicle off to Madore for servicing its broken windshield.