## CITIZENS STATE BANK OF CORRIGAN, Texas, Appellant,

v.

## J. M. JACKSON CORPORATION, Appellee.

No. 1335.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 5, 1976.

Edwin Lamm, Houston, for appellant.

Marc P. Gordon, B. K. Watson, III, Lackshin, Nathan & Berg, Houston, for appellee.

COULSON, Justice.

This is a summary judgment case. Citizens State Bank of Corrigan, Texas sued J. M. Jackson Corporation to recover $12,008.25 paid by Jackson to Jetero Underground Utilities Contractors, Inc. in satisfaction of contractual obligations owed by Jackson to Jetero. Citizens alleged that Jackson had been notified of an assignment to it of the monies owed to Jetero. Citizens claimed that Jackson had disregarded the notice of assignment and paid directly to Jetero all monies owed by Jackson to Jetero. The trial court granted Jackson's motion for summary judgment. We affirm.

On November 2, 1971, Jetero sent invoices to Jackson in the sums of $5,973.50, $2,973.75 and $3,061. The invoices were for work performed by Jetero pursuant to a contract with Jackson. At the bottom of each invoice appeared the following: "*MAKE ALL CHECKS PAYABLE TO*

*CITIZENS STATE BANK AND JETERO UNDERGROUND UTILITY CONTRACTORS, INC.".* On November 3, 1971 Citizens loaned Jetero $6,000. As security for the payment of this loan, Jetero executed and delivered to Citizens a security agreement granting a security interest in the invoices. On November 10, 1971 Jackson paid the invoices by check payable to Jetero for $12,008.25. On November 11, 1971, Citizens loaned Jetero an additional $4,000 relying on the same collateral, the invoices. Jetero defaulted on its loans with Citizens.

Section 9.318(c) of the Texas Business & Commerce Code states:

The account debtor is authorized to pay the assignor until the account debtor receives notification that the account has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor.

The sole question before the trial court and before this court is whether the notation on the invoices was a notification reasonably identifying the rights of the assignee, Citizens, as provided for by the Texas Business & Commerce Code. We hold that the notations at the bottom of the invoices are not sufficient as a matter of law to have put Jackson on notice that Jetero's right to payment had been assigned. The notation on the invoices does not reasonably identify any rights existing in Citizens. Furthermore, Jackson received the invoices before the assignments were made by Jetero to Citizens. Jackson could not be put on notice of an assignment prior to the time that that assignment existed.

Affirmed.