571 P.2d 118

**FIRST NATIONAL BANK OF RIO ARRIBA, Plaintiff-Appellee,**

v.

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Defendant-Third-Party Plaintiff-Appellant,**

v.

**Vernon L. SILER, Third-Party Defendant.**

**No. 11366.**

Supreme Court of New Mexico.

Nov. 7, 1977.

Campbell, Bingaman & Black, Bruce D. Black, Santa Fe, for defendant-third-party plaintiff-appellant.

Montgomery, Andrews & Hannahs, Thomas W. Olson, Santa Fe, for 1st Nat'l Bank of Rio Arriba.

Catron, Catron & Sawtell, William A. Sawtell, Santa Fe, for Siler.

## OPINION

PAYNE, Justice.

This is an appeal from a summary judgment granted in favor of the plaintiff, First National Bank of Rio Arriba County, against Mountain States Telephone and Telegraph Company (Mountain Bell).

First National Bank sought to recover payment from Mountain Bell pursuant to an assignment given to the bank by Vernon Siler. Siler had previously contracted with Mountain Bell to do work on a project near Questa. In order to help finance the project, Siler obtained a loan from First National which was secured by an assignment of the proceeds that he was to receive from Mountain Bell upon completion of the work. The assignment was delivered by Siler to Anthony With, an employee of Mountain Bell, who accepted it. The bank made no demand upon Mountain Bell and when the first payment was due on the contract, Mountain Bell did not pay First National but instead paid Siler.

The language contained in the assignment is as follows:

I, Vernon Siler, do hereby sell, assign and transfer to the First National Bank of Rio Arriba, Espanola, New Mexico, without recourse my right, title and interest in the funds due me from Mountain States Telephone Company on Job No. N–3–0868 Taos North-Questa Exchange. Dated at Espanola, New Mexico this 12th day of April, 1974.

The issues in this appeal are concerned with the meaning and application of § 50A–9–318(3), N.M.S.A. 1953 (Repl.1962) as it pertains to the form of an assignment, and timeliness of notice of the assignment. Section 50A–9–318(3) reads as follows:

The account debtor is authorized to pay the assignor until the account debtor receives notification that the account has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor.

To support the decision of the trial court in this case the account debtor, Mountain Bell, must have received notification (1) that the account had been assigned, and (2) that payment was to have been made to the bank.

The assignment shows on its face that it was accepted on behalf of Mountain Bell by

Anthony With, who not only signed the instrument, but also noted thereon; "This *assignment* applies to the contract portion of the above-mentioned project only."

Mountain Bell argues that Siler, the assignor, misrepresented the nature of the "assignment" document as a verification of employment. However, the document was clear on its face as to its effect and because fraud was neither pleaded nor raised at the trial level, we cannot consider it on appeal. *Western Farm Bureau Mutual Ins. Co. v. Barela*, 79 N.M. 149, 441 P.2d 47 (1968).

■ The assignment provision, § 50A–9–318(3), establishes no specific requirements as to the form of the notice of assignment. It provides only that "a notification which does not reasonably identify the rights assigned is ineffective." The "assignment" document in this case explicitly identified the rights assigned. If Mountain Bell was unclear as to the effect of the assignment, it could not safely proceed to make payment. As noted by the draftsmen in comment 5 to § 9–318, 4 R. Anderson, Uniform Commercial Code (2d ed. 1971):

> What is 'reasonable' is not left to the arbitrary decision of the account debtor; if there is doubt as to the adequacy either of a notification or of proof submitted after request, the account debtor may not be safe in disregarding it unless he has notified the assignee with commercial promptness as to the respects in which identification or proof is considered defective.

■ This issue is raised as to the meaning to be given the requirement that the account debtor have notification that "payment is to be made to the assignee." The Code does not require any particular language to be used in directing payment to the assignee. One purpose for the provision requiring notice that "payment is to be made to the assignee" is to allow for commercial situations where accounts are used as collateral to secure a loan repayment. In such cases, the borrower often retains the right to collect the accounts, and the assignee's rights of collection ripen only upon default by the borrower. Such a transac-

tion is referred to as an "indirect collection." 4 R. Anderson, Uniform Commercial Code, *supra*, comment 3 to § 9–318, and comment 1 to § 9–308. Subjected to such an assignment and indirect collection situation, the account debtor could not be expected to pay the assignee until he had been instructed to do so. This is also the situation to which the draftsmen of the Code were referring in the portion of comment 3 to § 9–318:

> So long as the assignee permits the assignor to collect accounts or leaves him in possession of chattel paper which does not indicate that payment is to be made at some place other than the assignor's place of business, *the account debtor may pay the assignor even though he may know of the assignment. In such a situation an assignee who wants to take over collections must notify the account debtor to make further payments to him.* (emphasis added).

■ This case, however, does not concern an "indirect collection." Article 9 of the Uniform Commercial Code applies to sales of contract rights as well as assignments of security interests. Section 50A–9–102(1)(b), N.M.S.A. 1953 (Repl.1962). Mountain Bell could readily determine from the assignment form that First National had purchased Siler's *right, title* and *interest* in the contract proceeds and was therefore entitled to payment. There was no reason for the bank to instruct Mountain Bell not to pay Siler because Siler retained no right to payment. The unconditional language of the assignment was notice that "payment (was) to be made to the assignee." Section 50A–9–318(3).

Mountain Bell takes the position that it was not an account debtor at the time it received notice, as the contract had not been performed and nothing was owed to Siler. Thus it argues that notice of the assignment was untimely since Siler had nothing to assign. Section 50A–9–105(1)(a), N.M.S.A. 1953 (Repl.1962) defines an account debtor as follows:

> 'Account debtor' means the person who is obligated on an account, chattel paper,

*contract right* or general intangible; (emphasis added).

Siler had contracted to perform work for Mountain Bell prior to the date of the assignment and the date of acceptance of the assignment by Mountain Bell. At the time of the assignment there was a contract, and Siler had a right to payment upon performance of the contract work. The comment to § 9–106 [§ 50A–9–106, N.M.S.A. 1953 (Repl.1962)] is helpful on this point:

'Contract right' is a right to be earned by future performance under an existing contract: for example, rights to arise when deliveries are made under an installment contract or *as work is completed under a building contract.* Contract rights may be regarded as potential accounts; they become accounts as performance is made under the contract.

It has been found advisable to distinguish rights earned from rights not yet earned for several reasons. *The recognition of the 'contract right' as collateral in a security transaction makes clear that this Article rejects any lingering common law notion that only rights already earned can be assigned.* Furthermore in the triangular arrangement following assignment, there is reason to allow the original parties—assignor and account debtor—more flexibility in modifying the underlying contract before performance than after performance (see Section 9–318). It will, however, be found that in most situations the same rules apply to both accounts and contract rights. (emphasis added).

4 R. Anderson, Uniform Commercial Code, *supra. See also, Marine National Bank v. Airco, Inc.,* 389 F.Supp. 231 (W.D.Pa.1975). We hold that Mountain Bell was an account debtor.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, J., concur