MUNICIPAL TRUST AND SAVINGS BANK, Plaintiff-Appellant, v. GRANT PARK COMMUNITY DISTRICT NO. 6, Defendant-Appellee.

Third District No. 3—87—0656

Opinion filed June 17, 1988.

William E. Eaken, of Bourbonnais, and Norman M. Hirsch, of Jenner & Block, of Chicago (Timothy J. Chorvat, of counsel), for appellant.

Kathleen Roche Hirsman, of Scariano, Kula, Ellch & Himes, Chartered, of Chicago (Allen T. Sraga, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This case comes on appeal from the trial court's decision of Au-

gust 25, 1987, granting defendant's motion to dismiss plaintiff's second amended complaint.

Plaintiff's second amended complaint alleged as follows: that it was an Illinois banking corporation having its principal place of business in the Village of Bourbonnais, Kankakee County, and that defendant was a unified school district located in Kankakee County; that on or about July 9, 1984, defendant entered into a contract with James Brosseau Roofing and Sheetmetal, Inc. (Brosseau), for work to be done on a building owned by defendant; that on or about March 8, 1984, Brosseau assigned all its right, title and interest in all its present and future accounts receivable to plaintiff and that defendant acknowledged said assignment; and finally, that Brosseau presently owed plaintiff $17,304, which defendant refused to pay. Attached to plaintiff's second amended complaint were copies of the July 9 contract, the March 8 assignment, and the acknowledgment.

The primary issue concerns the document containing the acknowledgment. Defendant asserts that the notice of Brosseau's assignment given by plaintiff was insufficient under section 9—318(3) of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 9—318(3)) and, therefore, defendant was not required to make any payments owed to Brosseau after receipt of the letter. The letter sent to defendant by plaintiff was dated May 5, 1984, and stated as follows:

"This is to notify you that we are working with the aforementioned company (Brosseau) and thus would collectively appreciate you making all checks due Jim Brosseau Roofing and Sheetmetal, Inc. payable jointly to Municipal Trust & Savings Bank and Jim Brosseau Roofing and Sheetmetal, Inc. until notice is given to discontinue said practice."

The notice was signed by both a bank officer and Jim Brosseau. On the same document and underneath the notice was the aforementioned acknowledgment which stated: "I, the undersigned, hereby acknowledge the above and will comply with your request." It was signed by Robert W. Dunn on behalf of defendant. We find no dispute regarding whether Mr. Dunn had authority to sign the acknowledgment on behalf of defendant.

Defendant's motion to dismiss the second amended complaint was brought under both sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—619). The trial court, however, in granting defendant's motion ruled that the notice given by plaintiff was insufficient. Therefore, we consider defendant's motion to be allowed pursuant to section 2—615, which permits dismissal where a plaintiff has failed to allege facts sufficient

to state a cause of action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) Thus, the procedural issue before this court is whether plaintiff has alleged facts sufficient to state a cause of action. That determination requires us to decide whether defendant received adequate notice of Brosseau's assignment to plaintiff under section 9—318(3) of the Uniform Commercial Code.

■ Section 9—318(3) states:

"(3) The account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor." Ill. Rev. Stat. 1985, ch. 26, par. 9—318(3).

Illinois case law holds that under section 9—318(3) an assignee seeking to enforce its rights under an assignment requires both notification of the assignment and a demand that future payments be made to the assignee. (*First Trust & Savings Bank v. Skokie Federal Savings & Loan Association* (1984), 126 Ill. App. 3d 42, 466 N.E.2d 1048; *First National Bank v. Board of Education, School District No. 189* (1979), 68 Ill. App. 3d 21, 385 N.E.2d 811; *First Finance Co. v. Akathiotis* (1969), 110 Ill. App. 2d 377, 249 N.E.2d 663.) Accordingly, defendant asserts that the letter provided by plaintiff was insufficient in that it neither apprised defendant of the assignment nor did it demand payment.

We agree with the interpretation of section 9—318(3) as stated in the above-cited cases but do not consider the decisions reached in those cases controlling for resolution of the present case. For instance, in *First Trust & Savings Bank v. Skokie Federal Savings & Loan Association*, the assignment, although acknowledged by the account debtor, merely authorized the account debtor to make payments to the assignee. Moreover, the assignee acquiesced for roughly 2½ years before taking action to enforce its rights under the assignment. Therefore, the court concluded that the acquiescence on the part of the assignee and the mere "authorization" in the notice of assignment given to the account debtor amounted to an insufficient demand for payment. (*First Trust & Savings Bank*, 126 Ill. App. 3d at 45, 466 N.E.2d at 1050.) Likewise, in *First National Bank v. Board of Education, School District No. 189*, the assignee's notice of assignment did "not state in so many words that payments should be made di-

rectly to the assignee-bank; it merely gives notice of the assignment of the right to receive payments." (*First National Bank*, 68 Ill. App. 3d at 24, 385 N.E.2d at 814.) Furthermore, the assignment letter specifically requested the account debtor to acknowledge receipt and consent to the assignment in writing, which was never done. (*First National Bank*, 68 Ill. App. 3d at 26, 385 N.E.2d at 815.) Lastly, the court indicated that even if the notice were sufficient, the account debtor may not have received the notice within the meaning of the Uniform Commercial Code because it never came to the attention of the school board as an entity. (*First National Bank*, 68 Ill. App. 3d at 26, 385 N.E.2d at 814.) In the present case, defendant has not argued that it did not receive the letter within the meaning of the Uniform Commercial Code or that plaintiff acquiesced in attempting to enforce its rights under the assignment. The only question is whether the letter was sufficient to notify defendant of plaintiff's right of assignment and sufficiently demanded payments to be made according to said assignment.

■ Official comment 5 to section 9—318 states:

"Subsection (3) requires reasonable identification of the account assigned and recognizes the right of an account debtor to require reasonable proof of the making of the assignment and to that extent validates such requirements in contracts or purchase order forms. If the notification does not contain such reasonable identification or if such reasonable proof is not furnished on request, the account debtor may disregard the assignment and make payment to the assignor. What is 'reasonable' is not left to the arbitrary decision of the account debtor; if there is doubt as to the adequacy either of a notification or of proof submitted after request, the account debtor may not be safe in disregarding it unless he has notified the assignee with commercial promptness as to the respects in which identification or proof is considered defective." Ill. Ann. Stat., ch. 26, par. 9—318, Uniform Commercial Code Comment, at 261 (Smith-Hurd 1974).

■ Under the facts as alleged in this case, we believe that plaintiff's letter reasonably notified defendant that plaintiff had a right to assignment and reasonably demanded payment. We make no judgment as to the sufficiency of the notice standing alone, but base our decision on the fact that defendant chose to acknowledge and promise to comply with plaintiff's request instead of demanding more proof of the assignment. In this light, the language by plaintiff that we are "working with" defendant and would "collectively appreciate you

making all checks *** payable jointly" meets the reasonableness test; especially when considering that the notice was not sent independently by plaintiff, but was also cosigned by the assignor. Similarly, we have been provided no authority which holds that notices sent under section 9—318(3) require "magic words" to be effective. In fact, the only requirement is that the notice reasonably identify the rights of the assignee and reasonably demand payment to the assignee. What is "reasonable" must be determined by the particular facts of each case.

Therefore, under the facts of this case the trial court's granting of defendant's motion to dismiss is reversed and the case is remanded for further proceedings.

Reversed and remanded.

STOUDER, P.J., and WOMBACHER, J., concur.