SMITH, Judge.
Capital City Second National Bank (Bank) appeals the summary judgment in favor of Peavy & Son Construction Company, Inc. (Peavy) in the Bank’s action against Peavy for failure to pay the Bank monies due under an account receivable, after the account receivable had been assigned to the Bank. The trial court ruled that the Bank could not recover because it had failed to notify Peavy of the assignment. We find that genuine issues of material fact remain whether Peavy had actual notice of the assignment and reverse.
The Bank loaned approximately $18,000 to Pioneer III Corporation (Pioneer) after receiving an assignment from Pioneer of monies due from Peavy under Pioneer’s subcontract with Peavy. Previously, Pioneer had sought a cash advance from
*1124 Peavy of the monies to become due under its subcontract and Peavy had denied the request. Ed Freeman, president of Pioneer, then informed Peavy’s president that Pioneer was attempting to borrow the funds from the Bank, and requested that Peavy consent to the assignment of the proceeds from the subcontract.
Peavy, through its president, consented to the assignment and directed Peavy’s secretary/treasurer, Richard L. Mann, to write the following letter, dated June 8, 1989, to Marvin Strickland at the Bank. The letter states:
We hereby give our consent to authorize Pioneer III Corporation as part of this contract [sic] as collateral for monies borrowed. We further agree to make remaining payments on this contract joint payees with Pioneer III and Second National Bank.
After receipt of the letter, the Bank loaned Pioneer approximately $18,000. Pioneer defaulted on the loan. Peavy disbursed the money under the subcontract to suppliers and Pioneer, and did not pay any of the money to the Bank. Thereafter, according to the affidavit of Marvin Strickland, Strickland had at least two telephone conferences with Mann, in September and October 1989, and at no time did Mann state that Peavy was without notice of the Bank’s loan to Pioneer or that Peavy was without notice that joint payment was required. Instead, according to Strickland, Mann stated that Peavy had mistakenly failed to make joint payment to the Bank and Pioneer.
When Peavy failed to pay the remaining balance of the account receivable to the Bank, the Bank filed suit seeking to recover that sum from Peavy. Peavy answered, contending that while it consented to an assignment to the Bank, it was never notified that an assignment had actually been made and that joint checks were expected by the Bank.
The trial court found that at the time the loan was made, the Bank itself did not notify Peavy that the loan had been made or that the subcontract had been assigned, and that the Bank did not send such notification until after all the monies under the subcontract were paid to others by Peavy. Accordingly, the trial court concluded that pursuant to section 679.818(3), Florida Statutes (1989)[1] Peavy, the account debtor, was authorized to pay the assignor (Pioneer) until the account debtor (Peavy) received notification that the amount due had been assigned and payment was to be made to the assignee. The court ruled that Peavy’s June 8,1989 letter to the Bank was not sufficient to demonstrate Peavy’s receipt of notice as required by section 679.-318(3). To comply with this statute and perfect its assignment, the court concluded that the Bank had a duty to notify Peavy after the loan had been made and before all monies due to Pioneer were paid out.
The trial court’s order places emphasis on the fact that the Bank itself failed to notify the account debtor of the assignment; hence, the notification to Peavy did not meet the requirements of the statute. We question this interpretation of the notice provision. See First National Bank of Reo Arriba v. Mountain States Telephone and Telegraph Co., 91 N.M. 126, 571 P.2d 118 (1977) (notification from contractor of assignment sufficient). In our view the determinative issue in the case is whether Peavy had actual notice of the assignment before it paid out the monies under the subcontract. See Robert Parker’s Truck & Trailer Repair, Inc. v. Speer, 722 S.W.2d 45 (Tex.App.1986); compare Citizen State Bank of Corrigan v. J.M. Jackson Corp., 537 S.W.2d 120 (Tex.App.1976). Peavy’s June 8, 1989 letter to Strickland and Strickland’s affidavit created a genuine issue of material fact as to whether Peavy had actual notice of the *1125 assignment. Accordingly, we reverse and remand for further proceedings.
REVEKSED.
ERVIN and WOLF, JJ., concur.

. Section 679.318(3) provides:
The account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor.