HALL BROTHERS CONSTRUCTION COMPANY, INC., Appellant–Defendant,

v.

MERCANTILE NATIONAL BANK OF INDIANA, Appellee–Plaintiff.

No. 45A05–9401–CV–14.

Court of Appeals of Indiana, Fifth District.

Nov. 9, 1994.

Daniel L. Freeland, Highland, for appellant.

Brian L. Goins, John H. Lloyd, IV (argued), Galvin, Galvin & Leeney, Hammond, for appellee.

## OPINION

BARTEAU, Judge.

Hall Brothers Construction Company, Inc.[1] appeals from the entry of summary judgment in favor of Mercantile National Bank of Indiana (Mercantile). We heard oral argument on October 24, 1994. The decision of the trial court is affirmed.

### SUMMARY JUDGMENT STANDARD

Our standard of review for the entry of summary judgment is well settled. Summary judgment is appropriate when the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing the propriety of a ruling on a motion for summary judgment, we apply the same standard as the trial court. *Weaver v. Robinson* (1993), Ind.App., 627 N.E.2d 442, 445. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Id.*

### FACTS

Hall Brothers conducted business through December 31, 1991 as a sole proprietorship.

---

1. Critical to this appeal is the distinction between the Hall Brothers Construction sole proprietorship and the corporate entity named Hall Brothers Construction Company, Inc. For simplicity, we will refer to the appellants generally as "Hall Brothers" and specifically designate the sole proprietorship or corporation when necessary.

The company was owned by Giles Hall. On January 1, 1992, Hall Brothers incorporated and continued business as Hall Brothers Construction Company, Inc. Giles Hall and his wife, Sue Hall, each became fifty percent shareholders of the corporation. The corporation occupied the same address as the sole proprietorship and employed the same people.

Mercantile is the assignee of the accounts receivable of Henderlong Lumber Company, Inc. (Henderlong) under a security agreement. Henderlong was a regular supplier of Hall Brothers. In January, 1992, Hall Brothers Construction Company, Inc. purchased materials from Henderlong, with payment due at the beginning of February.

Henderlong defaulted on its security agreement with Mercantile and Mercantile sought direct payment from Henderlong's debtors. Mercantile sent a notice letter to Hall Brothers via certified mail, return receipt requested. Mercantile addressed the envelope to "Hall Brothers Construction" and the notice contained the following language:

> Notice is hereby given pursuant to Indiana Code Section 26–1–502(1) that effective immediately, and until further notice, your payments due to the HENDERLONG LUMBER COMPANY, INC. ("HENDERLONG"), 500 Foote Street, Crown Point, Indiana, are to be made directly to the MERCANTILE NATIONAL BANK OF INDIANA ("MERCANTILE") . . .
>
> MERCANTILE'S right to payment arises from the fact that MERCANTILE is a secured party to a security agreement transaction in which HENDERLONG, your account creditor, is the debtor with respect to MERCANTILE.
>
> By said security agreement, your account creditor, HENDERLONG, created a security interest in favor of MERCANTILE in all accounts receivable, including your account. HENDERLONG has defaulted under said security agreement; thus, by virtue of the above cited law and the default under said security agreement, MERCANTILE has the immediate right to collect all moneys now owing or to be owed in the future by you to HENDERLONG.

R. 43. The body of the notice did not make any specific reference to either the Hall Brothers sole proprietorship or the corporation.

Sue Hall, the Secretary/Treasurer of Hall Brothers Construction Company, Inc., signed for and read the notice. Later, an agent of Mercantile telephoned Sue Hall and discussed the Henderlong account with her. However, on February 10, 1992, Sue Hall issued a check from Hall Brothers Construction Company, Inc. to Henderlong rather than Mercantile. Mercantile then filed the instant action against Hall Brothers Construction Company, Inc. alleging wrongful payment.

### DISCUSSION

Indiana Code 26–1–9–502 and 26–1–9–318(3) establish the authority of assignees of accounts receivable to receive payments directly from the debtors of an assignor.

> When so agreed and in any event on default the secured party is entitled to notify an account debtor or the obligor on an instrument to make payment to him whether or not the assignor was theretofore making collections on the collateral, and also to take control of any proceeds to which he is entitled under I.C. 26–1–9–306.

Ind.Code 26–1–9–502. It is undisputed in the case at bar that there is a valid assignment of Henderlong's accounts receivable to Mercantile and that the Indiana Uniform Commercial Code permits Mercantile to collect the balance of the account directly from Hall Brothers. However, in order to do so, Mercantile must first provide notice to Hall Brothers under I.C. 26–1–9–318(3):

> The account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor.

Hall Brothers argues that Mercantile failed to provide sufficient notice under I.C. 26–1–9–318(3). The notice letter states that Henderlong assigned "all" its accounts receivable to Mercantile. However, Mercantile demanded that "your payments" on "your account" be sent directly to them. Hall Brothers reasons that since the notice was addressed to "Hall Brothers Construction," omitting the terms "Company" and "Inc.," the notice was directed to the sole proprietorship and not to the corporation. Hall Brothers also contends that Mercantile did not demand payment from the newly-formed corporation because the corporation was not reasonably identified in the notice. Thus, Hall Brothers Construction Company, Inc. concludes that the trial court erred in granting Mercantile's motion for summary judgment because the notice did not reasonably identify the entity from whom Mercantile demanded payment.

There are two prongs to Hall Brothers's argument which we must address separately. First, we must determine whether the corporation received the notice and demand letter. Second, we must determine whether the corporation was sufficiently identified in the notice so as to constitute a demand on the corporation for payment.

*Receipt of Notice*

█ Our supreme court examined the notice requirement of I.C. 26–1–9–318(3) in *Ertel v. Radio Corp. of America* (1974), 261 Ind. 573, 307 N.E.2d 471. In *Ertel,* an accounts receivable assignee sent a notice and demand letter via certified mail addressed to the account debtor. The notice was delivered to the debtor's receiving dock and the debtor's employee signed for the letter. The worker failed to forward the notice to the debtor's accounting department. Unaware of the notice and demand for payment, the debtor's accounting department paid the assignor rather than the assignee.

Our supreme court found that what constitutes notice is not defined in section 9–318, but rather in the General Definitions of Indiana's Uniform Commercial Code.

A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform

the other in ordinary course whether or not such other actually comes to know of it. A person "receives" a notice or notification when:

(a) it comes to his attention; or

(b) it is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications.

I.C. 26–1–1–201(26); *Ertel,* 307 N.E.2d at 473–74. The court concluded that the assignee had satisfied the notice requirements since the debtor, through its employee, had received the notice and demand letter. *Id.* It was no defense that the debtor's employee failed to forward the letter to the appropriate department. *Id.*

Hall Brothers points to *First National Bank v. Board of Education* (1979), 68 Ill. App.3d 21, 24 Ill.Dec. 670, 385 N.E.2d 811, for the authority that where an assignee addresses a notice of assignment to an officer of the debtor, rather than the debtor itself, sufficient notice has not been given. However, in *First National,* the Illinois Court of Appeals found significant the fact that the notice was sent to an officer of the debtor whom the debtor had not held out as the person who should receive notices of that kind. 24 Ill.Dec. at 673, 385 N.E.2d at 814. Mercantile, on the other hand, sent the notice to the Hall Brothers corporate office where it was received by the person whom the corporation charged with the responsibility of issuing checks to its creditors.

We find that the Hall Brothers corporation received notice that its account had been assigned to Mercantile. Hall Brothers concedes that it gained knowledge of Henderlong's assignment of all accounts receivable to Mercantile from the notice letter. *Ertel* holds that a notice sent to the debtor's place of business and received by an employee satisfies the statutory requirements. 307 N.E.2d at 474. In this case, the debtor's employee who received the letter is also the person in the corporation who is responsible to act on the notice. The notice letter specifically states that Henderlong had assigned all of its accounts receivable to Mercantile.

This necessarily includes the account of Hall Brothers Construction Company, Inc. The corporation was notified that Henderlong had assigned the Hall Brothers Construction Company, Inc. account to Mercantile.

*Demand for Payment*

 The facts of this case are not in dispute. However, there is a dispute about whether the facts show that the notice reasonably identified that Mercantile was demanding payment from the Hall Brothers corporation. If a jury could come to different conclusions from the undisputed facts, then summary judgment is inappropriate. *See Bochnowski v. Peoples Federal Savings & Loan* (1991), Ind., 571 N.E.2d 282, 285. Every available inference must be resolved in favor of Hall Brothers, the non-moving party. *Perry v. Stitzer Buick, GMC, Inc.* (1994), Ind., 637 N.E.2d 1282, 1286. Hall Brothers argues that the notice was insufficient because Mercantile failed to reasonably identify that it was demanding payment from the corporation and not the sole proprietorship. A sufficient notice of assignment must (1) state that the amount due or to become due has been assigned, (2) demand that the debtor make payment to the assignee, and (3) reasonably identify the rights that have been assigned. I.C. 26–1–9–318(3). Indiana's Uniform Commercial Code specifically states that "a notification that does not reasonably identify the rights assigned is ineffective." I.C. 26–1–9–318(3).

 Hall Brothers cites to *First Trust & Savings Bank of Glenview v. Skokie Fed'l Savings & Loan Assoc.* (1984), 126 Ill.App.3d 42, 81 Ill.Dec. 246, 466 N.E.2d 1048, for the authority that unless the assignee demands payment, "an account debtor may continue to pay the assignor even though the account debtor has knowledge of the assignment." 81 Ill.Dec. at 248, 466 N.E.2d at 1050. Enforcement of an assignee's rights requires both notification of the assignment and a demand that future payments be made to the assignee. *Id.*

The authority found in *Skokie* is consistent with the requirements of I.C. 26–1–9–318(3), but the facts of that case are significantly different than the case presented. In *Skokie,* the debtor acknowledged the assignment

of his account to the assignee, but the assignee delayed in demanding payment from the debtor. The assignee acquiesced while the account-debtor made installment payments to the assignor, and did not demand payment until after the debtor had paid the balance of the account to the assignor.

Unlike the assignee in *Skokie,* Mercantile's notice of assignment clearly contained a demand for payment. Further, Mercantile was not acquiescent. On the contrary, it sent its notice and demand letter via certified mail and then subsequently telephoned Hall Brothers to discuss the payment before it was made. It is clear that Mercantile made a demand for payment. However, Hall Brothers contends that the notice did not reasonably identify that the demand was being made on the Hall Brothers corporation.

Hall Brothers cites to two cases that deal with section 9–318(3) notices employing similar language as that used by Mercantile. In *Warrington v. Dawson* (5th Cir.1986), 798 F.2d 1533, the assignee sent a notice that referenced the assignment of "this account." The debtor was a farmer who maintained four corporations, each with a separate account with the assignor. 798 F.2d at 1533. In *Progressive Design, Inc. v. Olson Bros. Mfg. Co.* (1978), 200 Neb. 291, 263 N.W.2d 465, the assignee sent a notice that referenced the assignment of "your contract with [Progressive Design, Inc.]." The debtor in fact had several contracts with Progressive Design. 263 N.W.2d at 468. Both courts found the notices to be insufficient because, due to the multiplicity of accounts, the debtors could not discern which of the accounts or contracts had been assigned.

Hall Brothers analogizes these cases to the notice it received from Mercantile. The notice stated that Henderlong had assigned to Mercantile its interest "in all accounts receivable, including your account." Hall Brothers argues that, while the notice informed Hall Brothers Construction Company, Inc. that its account had been assigned, it did not reasonably identify that Mercantile was demanding payment from the corporation because it stated that "your payments due to [Henderlong] . . . are to be made directly to [Mercan-

tile]." The notice did not define the term "your," and neither the sole proprietorship nor the corporation was referenced anywhere in the notice. Since Mercantile addressed the notice to "Hall Brothers Construction," Hall Brothers Construction Company, Inc. argues that it could not reasonably discern from which entity Mercantile was demanding payment.

Mercantile defends the language it used in the notice and demand letter as being clear and unambiguous under the circumstances. First, Mercantile points to Sue Hall's testimony stating that after incorporation, the sole proprietorship ceased doing business and had no accounts payable remaining. R. 72–73. Mercantile argues that this destroys the analogy Hall Brothers draws to the *Warrington* and *Progressive Design* cases. Since only the corporation had an account balance with Henderlong, there could not be any confusion as to which account Mercantile was referencing in its letter.

Second, Mercantile cites to *Marine Nat'l Bank v. Airco, Inc.* (W.D.Penn.1975), 389 F.Supp. 231, in which the assignee sent notice to the debtor stating that the assignor had assigned to the bank "all of [the assignor's] accounts receivable." 389 F.Supp. at 232. The debtor argued that this language failed to reasonably identify the accounts or rights assigned. The court found that summary judgment in favor of the bank was proper since the undisputed evidence demonstrated that the assignor and debtor "only had one agreement at any relevant time, so that [the debtor] could not have reasonably failed to understand what accounts or rights [the assignee] was claiming as assignee." 389 F.Supp. at 233.

■ Section 9–318(3) does not prescribe any "magic words" for a notice of assignment. *See Great Southern Nat'l Bank v. McCullough Env. Serv., Inc.* (1992), Miss., 595 So.2d 1282; *First Nat'l Bank of Rio Arriba v. Mountain States Tel. and Tel. Co.* (1977), 91 N.M. 126, 571 P.2d 118; *Municipal Trust & Savings Bank v. Grant Park Comm.* (1988), 171 Ill.App.3d 289, 121 Ill.Dec. 449, 525 N.E.2d 255. Whether a notice is sufficient depends upon the facts of each case. *Id.*

■ We find guidance to the resolution of this dispute in the additional provisions of I.C. 26–1–9–318(3). A debtor who receives a notice of assignment that the debtor believes is incorrect or insufficient may request that the assignor produce evidence of the assignment. "If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor." I.C. 26–1–9–318(3). Official Comment 5 to I.C. 26–1–9–318 further explains the rights and obligations of debtors and assignees under 9–318(3):

> Subsection (3) requires reasonable identification of the account assigned and recognizes the right of an account debtor to require reasonable proof of the making of the assignment.... If the notification does not contain such reasonable identification or if such reasonable proof is not furnished on request, the account debtor may disregard the assignment and make payment to the assignor. *What is "reasonable" is not left to the arbitrary decision of the account debtor; if there is doubt as to the adequacy either of a notification or of proof submitted after request, the account debtor may not be safe in disregarding it unless he has notified the assignee with commercial promptness as to the respects in which identification or proof is considered defective.*

I.C. 26–1–9–318, Official Comment 5 (in relevant part) (emphasis added).

■ We conclude that, under these facts, a jury could only determine that Mercantile had reasonably identified the rights that Henderlong had assigned to it in order to constitute a demand for payment from Hall Brothers Construction Company, Inc. At the time the notice was received, the sole proprietorship was no longer in business and did not have an account balance with Henderlong. The corporation was a continuation of the sole proprietorship, operating from the same location with the same employees and under a substantially similar name. If Hall Brothers was confused or uncertain about the application of the notice to the corpora-

tion, it had ample opportunity to clarify any misunderstandings. Hall Brothers could not arbitrarily determine that the notice addressed to "Hall Brothers Construction" did not apply to Hall Brothers Construction Company, Inc.

In this case, the assignee took an additional affirmative step of following the delivery of the notice and demand letter with a telephone call to the account debtor. Mercantile called the office of Hall Brothers Construction Company, Inc. and spoke directly with the corporate Secretary/Treasurer about the Henderlong account. At that time, Hall Brothers Construction Company, Inc. could have voiced any uncertainties about the notice. Rather, Hall Brothers Construction Company, Inc. arbitrarily decided that the notice and demand applied to the out-of-business sole proprietorship rather than the corporation, despite the fact that only the corporation had an account balance with Henderlong.

For its own protection, Hall Brothers could have conferred with Mercantile about the alleged defect. Instead, Hall Brothers remained silent even when Mercantile initiated contact subsequent to the delivery of the notice. Hall Brothers had the opportunity to clarify its misunderstandings, but chose to disregard the notice at its own peril.

The entry of summary judgment in favor of Mercantile National Bank of Indiana is AFFIRMED.

KIRSCH and RUCKER, JJ., concur.