

IN THE

# Court of Appeals of Indiana

In the Matter of the Estate of William E. Singleton, Deceased,
Bobbe J. Singleton,

*Appellant-Petitioner*



FILED

Jun 11 2025, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

The National Bank of Indianapolis, in its capacity as Personal
Representative of the Estate of William E. Singleton,

*Appellee-Respondent*

---

June 11, 2025

Court of Appeals Case No.
24A-EU-685

Appeal from the Johnson Superior Court

The Honorable Kevin M. Barton, Judge

Trial Court Cause No.
41D02-1705-EU-110

---

**Opinion by Judge May**
Judges Tavitas and DeBoer concur.

**May, Judge.**

[1] Bobbe J. Singleton ("Bobbe") appeals following the trial court's order denying her motion to elect to take against the will of her late husband, William E. Singleton ("William"), and the trial court's subsequent denial of her motion to correct error. She raises three issues for our review, but we consolidate, revise, and restate them as one issue: whether Bobbe's election to take against William's will was untimely. We affirm.

## Facts and Procedural History

[2] William executed his last will and testament on August 12, 1999, and he executed two codicils to that will in 2007. He died at the age of eighty-four on April 8, 2017. On May 3, 2017, The National Bank of Indianapolis ("NBI") filed a petition seeking probate of William's will and codicils, the appointment of NBI as personal representative of the estate, and permission for NBI to proceed with unsupervised administration of the estate.

[3] On May 8, 2017, the trial court issued an "Order Appointing Personal Representative, Issuing Letters of Administration and Ordering Unsupervised Administration[.]" (App. Vol. 2 at 60) (full capitalization and emphasis removed). That order stated:

> 1. William E. Singleton died on April 8, 2017, domiciled in Johnson County, Indiana.
>
> 2. The Decedent died testate, leaving a self-proved Last Will and Testament dated August 12, 1999; a First Codicil thereto dated August 24, 2007; and a Second Codicil thereto dated November 2, 2007. Said Will and Codicils have been electronically

submitted to the Court herewith. The acknowledgements of the Will and each Codicil and the verification of each document's execution by the respective witnesses thereto conform to law and are proper in all respects.

* * * * *

4. Bobbe J. Singleton and Linda Zimmermann as Trustee of the William E. Singleton Marital Trust, the beneficiaries of Decedent's Estate, have consented to the appointment of The National Bank of Indianapolis as Personal Representative and to the unsupervised administration of Decedent's Estate.

5. The National Bank of Indianapolis is appointed as Personal Representative of the Estate of William E. Singleton, [sic] and shall qualify as such upon taking an oath as Personal Representative.

* * * * *

8. The National Bank of Indianapolis as Personal Representative of the Estate of William E. Singleton hereby is authorized to proceed under the statutory provisions of the Indiana Code governing unsupervised administration of estates.

(*Id.* at 60-61.) On May 10, 2017, the Johnson Circuit Court Clerk sent Bobbe a notice of unsupervised administration explaining the unsupervised administration process and advising her of her rights as a distributee of William's Estate. On May 15, 2017, Zimmerman resigned as trustee of the marital trust, and Bobbe subsequently appointed NBI to serve as trustee of the marital trust. During the period of unsupervised administration, NBI, as

personal representative of the Estate, distributed tangible property consisting of two motorcycles valued at $29,000.00 to Bobbe. NBI also distributed $1,191,109.72 of the Estate into the marital trust. The Estate was converted to supervised administration on June 7, 2019.

[4] On August 21, 2019, NBI filed a petition to sell real property owned by the Estate. William was a former funeral director, and the petition sought to sell the property on which William had operated his funeral home. When William was alive, he and Anthony Edwards entered into an agreement for Edwards to purchase the funeral home, but Edwards had fallen behind in his payments. The petition asserted Edwards was in default and asked the trial court for permission to sell the funeral home to St. Pierre Realty Investments, LLC ("St. Pierre"). Edwards presented a competing offer to purchase the funeral home, but the trial court concluded St. Pierre presented the better offer. The trial court granted the Estate's motion. Shortly thereafter, Edwards paid off his arrearage, and the Estate sold the funeral home to St. Pierre.

[5] On November 15, 2019, NBI filed its final accounting of the Estate and petitioned the trial court for authority to distribute the Estate's remaining assets and close the Estate. On that same day, Bobbe filed her objection to the final accounting and notice of her election to take against the will pursuant to Indiana Code section 29-1-3-1 *et seq.*, a set of statutes that allow the surviving spouse of a deceased individual to elect to receive half of the decedent's net estate rather than what the decedent provided for the spouse in the will if the surviving spouse files the election within three months of when the will is

admitted to probate or at the conclusion of any pending litigation related to the estate. She asserted the trial court's May 8, 2017, order did not "admit" William's will to probate. (App. Vol. 2 at 117.) Therefore, she argued the May 8, 2017, order did not start the period she had to elect to take against the will. NBI challenged the timeliness of Bobbe's election and argued the May 8, 2017, order admitted William's will to probate, such that Bobbe's period to elect against the will had expired years earlier.

[6] In December 2019, St. Pierre sued the Estate in the Marion Superior Court alleging that the Estate had not fully paid it according to the terms of the purchase agreement for the funeral home, and the Estate countersued on the basis that St. Pierre had improperly retained Edwards's arrearage payment. The Marion Superior Court entered judgment in the Estate's favor in March 2022 and awarded it over $560,000.00. We affirmed the judgment and damage award on appeal. *See Singleton St. Pierre Realty Invs., LLC v. Estate of Singleton*, No. 22A-PL-890, 2022 WL 17420874 (Ind. Ct. App. Dec. 6, 2022). St. Pierre subsequently paid the judgment in full. On June 23, 2023, NBI filed an amended and restated final accounting of the Estate.

[7] On November 21, 2023, the trial court held a hearing regarding the final accounting and Bobbe's objection to it. At that hearing, NBI argued the trial court's May 8, 2017, order made the requisite findings for the will to be admitted to probate. It asserted: "The law is very clear that a spouse has three months to elect to take against the Will, three months after the Will is probated, and that did not occur." (Tr. Vol. 2 at 9.) NBI also explained that William's

will created a marital trust and Bobbe benefited from the partial distributions made to that trust following the May 8, 2017, order. Bobbe contended that because the May 8, 2017, order did not specifically state it was admitting the will to probate, the order did not admit the will to probate. Bobbe also asserted the St. Pierre litigation tolled the deadline for her to file her election. On January 2, 2024, the trial court issued an order in which it approved the personal representative's final accounting and concluded Bobbe's election was untimely and barred. Bobbe filed a motion to correct error reasserting her argument that her notice of election to take against the will was timely, and the trial court denied her motion to correct error on February 22, 2024.

## Discussion and Decision

[8] Bobbe appeals following the trial court's order denying her motion to correct error. We generally review a trial court's decision on a motion to correct error for an abuse of discretion. *R.M. v. Ind. Dep't of Child Servs.*, 203 N.E.3d 559, 562 (Ind. Ct. App. 2023). "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances that were before the court." *Id*. However, determining whether a trial court abused its discretion in denying a motion to correct error often requires us to review the propriety of the underlying judgment. *Id*. Here, Bobbe's motion to correct error challenged the trial court's legal conclusion that her election to take against the will was untimely. We review a trial court's legal conclusions de novo. *Matter of DeHart*, 181 N.E.3d 989, 991 (Ind. Ct. App. 2021).

Indiana Code section 29-1-3-1 provides that a surviving spouse may elect to take against the will:

> When a married individual dies testate as to any part of the individual's estate, the surviving spouse is entitled to take against the will under the limitations and conditions stated in this chapter. The surviving spouse, upon electing to take against the will, is entitled to one-half (1/2) of the net personal and real estate of the testator.

Indiana Code section 29-1-3-2 outlines the deadline by which the surviving spouse must elect to take against the will. It states:

> (a) Except as provided in subsection (b), the election by a surviving spouse to take the share hereinbefore provided must be made not later than three (3) months after the date of the order admitting to probate the will against which the election is made.

> (b) If, at the expiration of such period for making the election, litigation is pending to test the validity or determine the effect or construction of the will or to determine the existence of issue surviving the deceased, or to determine any other matter of law or fact which would affect the amount of the share to be received by the surviving spouse, the right of such surviving spouse to make an election shall not be barred until the expiration of thirty (30) days after the final determination of the litigation.

Ind. Code § 29-1-3-2.

Bobbe first contends the trial court's May 8, 2017, order did not "admit" William's will to probate because the order "neither includes the word 'admit' in the caption nor in text." (Appellant's Br. at 13.) Therefore, she argues the

order did not start the three-month period listed in Indiana Code section 29-1-3-2(a) for electing to take against the will.[1]  "When construing statutes, our primary goal is to determine and give effect to the intent of the legislature." *Moryl v. Ransone*, 4 N.E.3d 1133, 1137 (Ind. 2014).  "We read the words in their plain and ordinary meaning, taking into account the structure of the statute as a whole."  *Spells v. State*, 225 N.E.3d 767, 772 (Ind. 2024) (internal quotation marks omitted).  "We are mindful of what the statute says and what it doesn't say and avoid interpretations that depend on selective reading of individual words that lead to irrational and disharmonizing results." *Id*. (internal quotation marks omitted).  It is not our goal in statutory interpretation to elevate form over substance.  *See Moryl*, 4 N.E.3d at 1139 ("Our decision constitutes a refusal to elevate form over substance.  'We are unwilling to fortify the armory of those who attack the law as famous for its ability to elevate form over substance.'") (quoting *State ex rel. Attorney Gen. v. Lake Superior Court*, 820 N.E.2d 1240, 1252 (Ind. 2005)).

[11]  Indiana Code section 29-1-7-13 governs the admission of wills to probate.  The statute provides:

---

[1] Bobbe also asserts that "[a]n Order admitting a Will to probate is in effect a Judgment which should comply with Trial Rule 58." (Appellant's Br. at 25.)  However, this assertion is incorrect.  Trial Rule 58 requires a trial court to promptly record its judgments and outlines the content a judgment order must contain.  Trial Rule 54 defines "judgment" as "a decree and any order from which an appeal lies."  An order admitting a will to probate is not a judgment because it is an interlocutory order and not immediately appealable. *See* Ind. App. R. 2(H) (defining final judgment) & 4 (defining Indiana Supreme Court jurisdiction) & 5 (defining Court of Appeals jurisdiction).

> When a will is offered for probate, if the court finds that the testator is dead and that the will was executed in all respects according to law, it shall be admitted to probate as the last will of the deceased, unless objections are filed as provided in section 16[2] of this chapter.

Ind. Code § 29-1-7-13(a) (footnote added). Here, the May 8, 2017, order found that William died testate on April 8, 2017. The order also found: "The acknowledgment of the Will and each Codicil and the verification of each document's execution by the respective witnesses thereto conform to law and are proper in all respects." (App. Vol. 2 at 60.) Thus, while the trial court did not use the term "admit" in its order, it did make the two prerequisite findings for admission of the will to probate. Moreover, the order appointed NBI to serve as personal representative in charge of administering the Estate, indicating the trial court intended NBI to carry out the provisions of William's will. *See Mut. Hosp. Servs., Inc. v. Burton*, 695 N.E.2d 641, 644 (Ind. Ct. App. 1998) ("An executor or personal representative is regarded as the trustee or agent appointed by law for the benefit and protection of creditors and distributees.").

[12] As NBI notes, "[t]he language of [Indiana Code section 29-1-7-13] does not require any formalities in an order admitting a will to probate. It says nothing about mandatory wording such an order must contain. Section 13 leaves it to the probate courts to word their own orders initiating the probate of a will."

---

[2] Indiana Code section 29-1-7-16 allows any interested person to file written objections prior to admission of the will to probate. As no such objections were filed herein, this statute is irrelevant to the decision we must make.

(Appellee's Br. at 16.) Bobbe directs us to Indiana Code section 29-1-7-9, which requires a will to be proved by a subscribing witness or handwriting sample before the will is admitted to probate, and Indiana Code section 29-1-7-24, which requires that a will be admitted to probate before it may be used to prove title. However, neither statute requires the trial court to use the specific word "admit" in its order admitting the will to probate. In many other contexts, we have refused to impose a "magic word" requirement when the legislature chose not to include one in the language of the statute. *See*, *e.g.*, *Hall Bros. Const. Co., Inc. v. Mercantile Nat. Bank of Ind.*, 642 N.E.2d 285, 290 (Ind. Ct. App. 1994) (holding statute did not require assignee to use "magic words" in notice to debtor that debtor's debt had been assigned to it and assignee's notice was sufficient); *Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 506 (Ind. Ct. App. 2011) (holding Father did not waive argument for child support modification because "we can discern no basis for punishing someone with a support order that otherwise statutorily qualifies for modification simply because the party failed to utter the magic words"); *Marshall v. Universal Underwriters Ins. Co.*, 673 N.E.2d 513, 516-17 (Ind. Ct. App. 1996) (holding statute that required insured to reject insurer's offer of uninsured motorist coverage in writing did not require the written rejection to include "specific, magic words"), *trans. denied, disapproved on other grounds by United Nat. Ins. Co. v. DePrizio,* 705 N.E.2d 455, 461 (Ind. 1999). Likewise, we see no reason for imposing such a requirement here. The May 8, 2017, order admitted William's will to probate and started the three-month period outlined in Indiana Code section 29-1-3-2(a), but Bobbe

did not file her election to take against the will during that period. The notice of election that she filed on November 15, 2019, was untimely.

[13] Bobbe next argues her deadline to elect to take against the will was tolled pursuant to Indiana Code section 29-1-3-2-(b) because the value of the Estate's interest in the funeral home was uncertain until the St. Pierre litigation concluded. However, Indiana Code section 29-1-3-2(b) tolls the period a surviving spouse has to elect to take against the will only "[i]f, at the expiration of such period for making the election, litigation is pending" to determine a "matter of law or fact which would affect the amount of the share to be received by the surviving spouse[.]" Here, no litigation was pending when the three-month period Bobbe had to elect to take against the will expired in August 2017. St. Pierre did not file suit against the Estate until December 2019, more than two years later. Thus, Indiana Code section 29-1-3-2(b) does not save Bobbe's untimely election.[3] *Cf. Matter of Sarker*, 84 N.E.3d 666, 674 (Ind. Ct. App. 2017) (holding surviving spouse's election to take against will was timely even though it was filed more than three months after decedent's will was admitted to probate because litigation concerning the value of the estate was pending at that time). Therefore, we affirm the trial court's denial of Bobbe's

---

[3] Moreover, even if Bobbe's election against the will had been timely, she received distributions from the Estate prior to filing her election. NBI deposited $1,191,109.72 into a marital trust for Bobbe's benefit, and she received two motorcycles. Bobbe's acceptance of those benefits from the Estate pursuant to the provisions of the will estopped her from later attempting to take against the will. *See Citizens Nat. Bank of Whitley Cnty. v. Stasell*, 415 N.E.2d 150, 151 (Ind. Ct. App. 1981) ("The doctrine that claims contrary to the provisions of a will are equitably estopped where made by one or through one who has accepted benefits under the provisions of that will is too well settled to be disputed.").

motion to elect to take against William's will and its subsequent denial of her motion to correct error.

## Conclusion

[14] Even though the trial court's May 8, 2017, order did not specifically use the word "admit," it met the requirements for admitting William's will to probate. Thus, the deadline for Bobbe to elect to take against the Estate expired three months later. The deadline was not tolled because no litigation was pending at the time, and therefore, Bobbe's 2019 notice of her election to take against William's will was untimely. Accordingly, we affirm the trial court.

[15] Affirmed.

Tavitas, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANT

Curtis E. Shirley
Law Office of Curtis E. Shirley, LLC
Carmel, Indiana

ATTORNEY FOR APPELLEE

Mark J. Crandley
Barnes & Thornburg, LLP
Indianapolis, Indiana